# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| RICHARD CLARK PARRISH, ) | |
| ) | Case No. 2:15-cv-00010 |
| Plaintiff, ) | Judge Nixon/Brown |
| ) | |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**To:** The Honorable Judge John T. Nixon, Senior United States District Judge

## REPORT AND RECOMMENDATION

For the reasons explained below, the Magistrate Judge **RECOMMENDS** that Defendant's Motion to Dismiss (Docket Entry 10) be **GRANTED** and that this case be dismissed as being filed outside of the time allowed for seeking review.

## I.   Procedural History

Plaintiff, proceeding *in forma pauperis*, filed his Complaint for a review of the Social Security Administration's (the SSA) denial of benefits on February 19, 2015. (Docket Entry 1). The Complaint was mailed to the Court on February 13, 2015 through the United States Postal Service and delivered to the Court at 2:17pm on February 18, 2015. (Docket Entry 15-4). The SSA has filed a Motion to Dismiss, along with a Memorandum and supportive documentation. (Docket Entry 10-12). Plaintiff has filed a Response. (Docket Entry 15). The SSA argues that the Complaint was filed one day late. (Docket Entry 10). In support, the SSA submits the notice of the Administrative Law Judge's (the ALJ) unfavorable decision, dated July 26, 2013 and the

notice from the Appeals Council that it denied Plaintiff's request for review, dated December 15, 2014. (Docket Entry 12-1 and 12-2).

## II. Standard of Review

A party seeking to appeal a final decision of the Appeals Council may do so by bringing a civil action within the applicable time-limit. 42 U.S.C. § 405(g). As the Sixth Circuit in *Cook v. Comm'r of Soc. Sec.* explained, a party has:

> 60 days from the Appeals Council's notice of denial in which to file his appeal . . . [and] a five-day 'grace period' before the 60 days began to run, which reflects the SSA's rebuttable presumption that he received his notice of denial within five days of the date of the notice."

*Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007)(citation omitted). The 60 day period "begins five days after the date of the denial notice." *Cook*, 480 F.3d at 436. The date of the denial notice is "the date on the notice itself" and not the postmark date. *Cook*, 480 F.3d at 437. The court in *Cook v. Comm'r of Soc. Sec.* also explained that the Federal Rules of Appellate Procedure apply for calculating this time period. *Cook*, 480 F.3d at 435. Pursuant to Rule 26, the calculation *excludes* the day that triggers the period and *counts* every day, including Saturday, Sunday, and legal holidays and the last day of the period, unless the last day is a Saturday, Sunday, or legal holiday. FED. R. APP. P. 26. Finally, the court in *Cook v. Comm'r of Soc. Sec.* set out the following five factors for courts to consider in determining whether a party whose Complaint is time-bared is nonetheless entitled to "equitable tolling."

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook*, 480 F.3d at 437(citation omitted). In light of the foregoing, however, even harsh results, where a party is one day late in his or her filing and is not entitled to equitable tolling, will stand.

*Cook*, 480 F.3d at 437; *Louck v. Soc. Sec. Admin.,* No. 3-14-1385, 2015 WL 1003532, at *2 (M.D. Tenn. Mar. 6, 2015).

### III.     Analysis

Here, excluding Monday, December 15, 2014 and including Thursday, February 19, 2015, the number of days totals 66 days. Plaintiff's time for filing his Complaint ended on Wednesday, February 18, 2015. Since this was not a Saturday, Sunday, or legal holiday, the time-period was not continued. Plaintiff concedes this point and concedes that the Complaint was filed in the clerk's office one day late. (Docket Entry 15, p. 1). Therefore, Plaintiff's Complaint will only survive if equitable tolling applies. However, the Magistrate Judge finds that equitable tolling is not warranted here.

Plaintiff does not present any evidence that he lacked actual notice or constructive knowledge of the filing requirement. The record shows that the Appeals Council notice was addressed to Plaintiff and explained the time limits for bringing a civil action. (Docket Entry 12-2). As for diligence, Plaintiff missed two meetings with his attorney to discuss the Complaint and did not appear at his attorney's office until February 13, 2015 to sign the Complaint. (Docket Entry 15-8). Although Plaintiff was apparently able to timely file an appeal of the ALJ's decision to the Appeals Council, the record shows that he was not diligent in attempting to appeal the decision of the Appeals Council. Plaintiff also fails to present any evidence as to why the Complaint could not have been hand delivered or mailed by overnight delivery to the Court. Plaintiff's counsel offers the explanation that her office is 80 miles away. (Docket Entry 15-8, p. 2). However, this does suffice to overcome Plaintiff's lack of diligence.

As for prejudice, the Court in *Cook v. Comm'r of Soc. Sec.* noted that although allowing a plaintiff to file a complaint "one day late likely would create little prejudice to the Commissioner

. . . , we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Cook*, 480 F.3d at 437. The same reasoning applies here. Finally, Plaintiff presents no evidence that he was ignorant of the legal requirement to file his claim and no explanation for why he did not request an extension of time from the Appeals Council, as the notice from the Appeals Council instructed he could do. (Docket Entry 12-2). Therefore, the Magistrate Judge finds that Plaintiff's Complaint is time-barred and that equitable tolling should not apply here.

## IV.     Recommendation

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that Defendant's Motion to Dismiss (Docket Entry 10) be **GRANTED** and that this case be dismissed as being filed outside of the time allowed for seeking review.

Under FED. R. CIV. P. 72(b), the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this ___day of August, 2015
.

                                                      s/Joe B. Brown_____
                                                     Joe B. Brown
                                                     U.S. Magistrate Judge