IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| RICHARD CLARK PARRISH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:15-cv-00010 |
| v. ) | |
| ) | Judge Nixon |
| CAROLYN W. COLVIN, ) | Magistrate Judge Brown |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is the Commissioner's Motion to Dismiss ("Motion"), in which she requests the Court dismiss this matter because Plaintiff failed to timely file his complaint. (Doc. No. 10.) On August 13, 2015, Magistrate Judge Brown issued a Report and Recommendation ("Report") recommending that the Commissioner's Motion be granted. (Doc. No. 16 at 4.) On August 27, 2015, Plaintiff objected to the Report. (Doc. No. 17.)

In his Objection (Doc. No. 17), Plaintiff "admits that the Appeals Council denial in this matter was December 15, 2014 and that the Complaint in this matter was filed in the clerk's office on February 19, 2015, one day after the 60 Day (plus five mailing days) period after the final decision of the Commissioner of Social Security." (*Id*. at 1.) Plaintiff requests, however, that the Court equitably toll the filing period. (*Id.*)

In *Cook v. Commissioner of Social Security*, 480 F.3d 432, 437 (6th Cir. 2007), the court set out the following five factors for courts to consider in determining whether a party whose complaint is time-bared is nonetheless entitled to equitable tolling:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence

> in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook*, 480 F.3d at 437 (citation omitted). In *Cook*, as here, the plaintiff's complaint was filed one day late. The appeals court rejected Cook's equitable tolling claim, even though "allowing [him] to file his complaint one day late likely would create little prejudice to the Commissioner in [that] particular case," because "there are millions of applicants for Social Security benefits each year, and [] the lack of a clear filing deadline could create havoc in the system," and because he failed to satisfy any of the other factors. *Id.* In light of the foregoing, even harsh results will stand where a party cannot demonstrate that equitable tolling is warranted. *Id.*; *Louck v. Soc. Sec. Admin.*, No. 3–14–1385, 2015 WL 1003532, at *2 (M.D. Tenn. Mar. 6, 2015).

Upon consideration of Plaintiff's Objection (Doc. No. 17) as well as his Response to Motion to Dismiss (Doc. Nos. 15; 15-1–15-8), the Court finds no grounds on which to apply equitable tolling. Plaintiff does not present any evidence that he lacked actual notice or constructive knowledge of the filing requirement. As noted by the Magistrate Judge, Plaintiff missed two meetings with his attorney to discuss the complaint and did not appear at his attorney's office until February 13, 2015 at 3:45 p.m. to sign the complaint, facts which fail to support a showing of diligence in pursuing his rights. (Doc. Nos. 16 at 3; 15-8 ¶¶ 4–6.) Plaintiff's counsel explains that she decided to mail the complaint at this late juncture because her office is eighty miles from the Court. (Doc. No. 15-8 ¶ 7.) The Court agrees with the Magistrate Judge's finding that Plaintiff "fails to present any evidence as to why the Complaint could not have been hand delivered or mailed by overnight delivery to the Court." (Doc. No. 16 at 3.) As to prejudice, Plaintiff argues in his Objection that "[t]he failure to equitably toll causes

. . . miniscule harm to the Defendant." (Doc. No. 17 at 1.) Under *Cook*, however, this argument is unavailing in the face of the potential "havoc" created by "the lack of a clear filing deadline." *Cook*, 480 F.3d at 437. Lastly, the Court concurs with the Magistrate Judge's finding that "Plaintiff presents no evidence that he was ignorant of the legal requirement to file his claim and no explanation for why he did not request an extension of time from the Appeals Council, as the notice from the Appeals Council instructed he could do." (Doc. No. 16 at 4.)

Upon review of this matter, the Court finds the Report (Doc. No. 16) to be well-founded and **ADOPTS** it in its entirety. Plaintiff's Objection (Doc. No. 17) is **OVERRULED**. The Commissioner's Motion (Doc. No. 10) is **GRANTED**. The Clerk of the Court is directed to **CLOSE** this case.

It is so ORDERED.

Entered this the 2nd day of November, 2015.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT